IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02649-RM-NRN

CELESTE T. ARCHER,

    Plaintiff,

v.

KIMBERLYN COOK, in her individual capacity,
LACEY KLINDT, in her individual capacity, and
JOHN/JANE DOE,

    Defendants.

## DEFENDANTS COOK AND KLINDT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)

Defendants Kimberlyn Cook and Lacey Klindt ("Defendants") move to dismiss Plaintiff Celeste Archer's claim against them (ECF #5, ¶¶ 36-39) under F.R.C.P. 12(b)(6): Plaintiff has failed to state a claim and they are entitled to qualified immunity.

**CONFERRAL STATEMENT:** Per D.C.COLO.LCivR 7.1(a), Judge Moore's, and Magistrate Judge Neureiter's practice standards, counsel for Defendants conferred with Plaintiff's counsel regarding this motion. Specifically, Defendants' counsel explained why Plaintiff could not state a claim for a deprivation of her due process rights under Section 1983 and their entitlement to qualified immunity, and their intent to move to dismiss if Plaintiff declined to withdraw or amend this claim. Plaintiff opposes.

## FACTUAL BACKGROUND

Plaintiff is a University of Colorado Denver employee, where she works as the Executive Director of the National History Day in Colorado program. ECF #5, ¶ 13. Defendants Cook and Klindt are employees on the University's Environmental Health and Safety contact tracing team. ECF #5, ¶ 14; ECF #5.1; ECF #5.2. On Friday, September 3, 2021, Defendants received a notification that Plaintiff may have been exposed to, tested positive for, or have symptoms related to, COVID-19. ECF #5.1. At 1:30 p.m., Defendants sent an email informing Plaintiff of this report, and requesting that she "[p]lease do not come to campus. A contact tracer will reach out to you about next steps and returning to campus." ECF #5, ¶ 6; ECF #5.1. The contact tracing team also sent an email to Plaintiff's supervisor stating that Plaintiff was "unable to be physically present on campus at this moment," but that she could work from home. ECF #5, ¶ 7; ECF #5.2. Plaintiff immediately responded to Defendants that the report was inaccurate, and the University quickly addressed her concerns. ECF #5, ¶¶ 30, 34; ECF #5.3; ECF #5.4. Mere hours[1] after receiving Defendants' email, Plaintiff was cleared to return to campus. ECF #5.4 (email at 5:18 p.m. that same day, acknowledging that Plaintiff was not excluded from campus).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To withstand such a motion, a complaint must contain enough allegations of fact to nudge the plaintiff's claims across the line from conceivable to plausible.

---

[1] Although not in Plaintiff's amended complaint, as the parties agreed in the proposed scheduling order, Plaintiff was cleared to return to campus in two hours and four minutes. ECF #14.

*Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). The court "disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphases in original).

## ARGUMENT

**I.    Plaintiff was not deprived of any constitutionally protected interest.**

The "requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Darr v. Town of Telluride, Colo*, 495 F.3d 1243, 1251 (10th Cir. 2007). In other words: Plaintiff must have a protected right before the due process clause protects it. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[.]"); *Spielman v. Hildebrand*, 873 F.2d 1377, 1386 (10th Cir. 1989) ("Section 1983 does not provide a remedy if federal law does not create enforceable rights.").

Plaintiff alleges her Fourteenth Amendment right to due process was violated because either (A) her "property interest in public employment …[was] threatened," (ECF #5, ¶ 27), or (B) she was "exclu[ded] from a public University's campus." ECF #5, ¶ 4. Neither is a

constitutional right. Therefore, she fails to state a claim on either theory, and the Court must dismiss her claims.

### A. Plaintiff cannot state a due process claim based on her employment.

#### i. Plaintiff does not have a protected property interest in her employment with the University.

Plaintiff alleges that she has a "property interest in her public employment," ECF #5, ¶ 21, and in "fulfilling the terms of her employment," *id.* ¶ 27. She is wrong.

State law determines whether a plaintiff has a protected property interest in her employment. *Darr*, 495 F.3d at 1251. As Plaintiff acknowledges, ECF #5, ¶ 24, "an employee may possess a property interest in public employment if she has tenure, a contract for a fixed term, an implied promise of continued employment, or if state law allows dismissal only for cause or its equivalent." *Darr*, 495 F.3d at 1251. Yet Plaintiff includes no allegations in her amended complaint that she has tenure, a contract, a promise of continued employment, or that she may only be dismissed for cause. "Absent one of these fetters, in Colorado, an employee is presumed to be employed at-will." *Rooker v. Ouray Cty.*, 841 F. Supp. 2d 1212, 1217 (D. Colo.), *aff'd*, 504 F. App'x 734 (10th Cir. 2012). And "[i]ndubitably, an at-will public employee does not have a property interest in his continued employment." *Id*. Such is the case for Plaintiff.

At best, Plaintiff alleges that "her employment may only be modified or terminated for a limited set of reasons." ECF #5, ¶ 21. But this is a bare conclusion without any specific factual support. Nor has Plaintiff identified any Colorado authority that provides a property interest in her position as the Executive Director of the University's National History Day in Colorado program, much less an interest in "fulfilling the terms" of that position. ECF #5, ¶ 27. Lacking a property interest in her employment, she cannot state a claim. *See Rooker*, 841 F. Supp. 2d at

1219 (dismissing claims because plaintiff did not have a property interest in his employment, as plaintiff did not allege "any other basis for his asserted property interest in his continued employment. He therefore fails to sufficiently allege that he was anything but an at-will employee").

> ii. **Even if Plaintiff had a property interest in her employment, Plaintiff has not been deprived of, or had any change in, her employment.**

More importantly, even assuming Plaintiff adequately alleged a protected property interest in her employment, she has not alleged that she has been deprived of that interest. To successfully state a claim, Plaintiff must do so. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the <u>deprivation</u> of interests encompassed by the Fourteenth Amendment's protection[.]" (emphasis added)). She does not.

Plaintiff is still the Executive Director of the University of Colorado Denver's National History Day program. ECF #5, p.1, ¶ 13. *Teigen v. Renfrow*, 511 F.3d 1072, 1079 (10th Cir. 2007) ("Plaintiffs' property interest in their continued employment … cannot form the basis for their due process claims because they have not alleged they were terminated or deprived of their existing employment status[.]"). She was not terminated. ECF #5, ¶ 27. She does not allege that she lost pay, a promotion, or that her employment status changed in any way. Because she has "maintained [her] employment, … [she] doesn't have a procedural due process claim on this front." *Schrader v. Emporia State Univ.*, No. 19-2387-DDC-TJJ, 2021 WL 4284543, at *7 (D. Kan. Sept. 21, 2021). And her allegation that her ability to "fulfill[] the terms of her employment [was] threatened" also does not state a due process violation. ECF #5, ¶ 27. In short, by claiming only that her ability to do her job was "threatened," she impliedly admits that her job was not, in

fact, impacted. Moreover, there is no constitutionally protected interest in "fulfilling the terms" of one's job. *See, e.g., Potts v. Davis Cty.*, 551 F.3d 1188, 1192 (10th Cir. 2009) (holding plaintiff's transfer did not violate due process because plaintiff had no "claim of entitlement" to a particular position); *Hicks v. City of Watonga*, 942 F.2d 737, 746 n.4 (10th Cir. 1991) ("Suspension with pay does not raise due process concerns."); *Abdullah ("Abe") Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2017 WL 347500, at *12 (D. Kan. Jan. 24, 2017) ("The Court easily finds that Plaintiff had no protected property interest in . . . the continuation of his job duties … . Plaintiff has supplied no authority to support a protected property interest in performing job duties.").

At bottom, Plaintiff was asked to work from home for a couple hours on a Friday afternoon. She has not been deprived of any alleged interest in her employment, and her claim must be dismissed.

### B. Plaintiff has no protected right to access the University's campus.

Next, Plaintiff alleges that Defendants "deprived [her] of her federally guaranteed due process right … to move freely throughout campus." ECF #5, ¶ 39. Plaintiff has no such right.

A public university is not required to allow unfettered access to its premises. *See Widmar v. Vincent*, 454 U.S. 263, 268 n.5 (1981) ("We have not held, for example, that a campus must make all of its facilities equally available to students and nonstudents alike, or that a university must grant free access to all of its grounds or buildings."); *Souders v. Lucero*, 196 F.3d 1040, 1044 (9th Cir. 1999), *cert. denied*, 529 U.S. 1067 (2000) (affirming dismissal of section 1983 due process claim because public university alumnus had no constitutionally protected interest in being present on campus); *Duckett v. Oklahoma ex rel. Bd. of Regents of Univ. of Okla.*, 986 F.

Supp. 2d 1249, 1257 (W.D. Okla. 2013) ("Plaintiff does not identify any independent source of entitlement as a tenured professor to particular duties or unfettered access to campus grounds or facilities. Thus, …the alleged facts do not establish that Plaintiff was denied a protected property interest[.]").

A court in this district has addressed a similar allegation of a due process violation based on a campus exclusion, and concluded that the plaintiff had "failed to show a clearly established protected liberty or property interest in accessing the medical school campus." *Profita v. Puckett*, No. 115CV01237DMECBS, 2017 WL 4225451, at *6 (D. Colo. June 6, 2017). To be sure, in *Watson v. Board of Regents of University of Colorado*, the Colorado supreme court concluded in part that "a non-student's right to access to University functions and facilities, which are open to the public at-large, cannot be permanently denied without due process of law." 182 Colo. 307, 313, 512 P.2d 1162, 1165 (1973). But *Watson* is not analogous to the situation here.

First, Plaintiff was not "permanently denied" access to campus. Indeed, the COVID-19 email notification specifically included how to discuss "returning to campus." ECF #5-1. And Plaintiff acknowledges that she was allowed back on campus within hours of her initial exclusion. ECF #5-4.

Second, *Watson* specifically acknowledged that a hearing before exclusion is not always required, because "when a genuine emergency appears to exist and it is impractical for University officials to grant a prior hearing, the right of non-students to access to the University may be suspended without a prior hearing, so long as a hearing is thereafter provided with reasonable promptness." 182 Colo. at 314, 512 P.2d at 1165. There can be no question that the global COVID-19 pandemic constitutes a genuine emergency. *See, e.g.*, *S. Bay United*

*Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020) (Roberts, C.J., concurring) (characterizing COVID–19 as "a novel severe acute respiratory illness that has killed thousands of people" and as an "extraordinary health emergency"); *On Fire Christian Ctr., Inc. v. Fischer*, 453 F. Supp. 3d 901, 907 (W.D. Ky. 2020) ("[O]ur nation faces a public health emergency caused by the exponential spread of COVID-19[.]" (internal quotations omitted)). And there is no question that Plaintiff was provided a "hearing thereafter." Within a matter of hours, Plaintiff was notified in writing about potential COVID-19 exposure; the contact tracing team spoke to her directly, where she explained the report was not accurate; and then Plaintiff was cleared. ECF #5.3; ECF #5.4. In these circumstances, this procedure provided more than enough notice and opportunity to be heard (to the extent any procedure was required at all). *See, e.g.*, *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) ("Due process is flexible and calls for such procedural protections as the particular situation demands."); *Hodel v. Virginia Surface Min. & Reclamation Ass'n*, 452 U.S. 264, 299–300 (1981) ("[D]eprivation of property to protect the public health and safety is one of the oldest examples of permissible summary action." (internal quotations omitted)); *Powell v. Mikulecky*, 891 F.2d 1454, 1458 (10th Cir. 1989) ("[T]he central purpose of the pretermination hearing is merely to serve as an initial check against mistaken decisions.").

In sum, Plaintiff simply does not have a protected constitutional right in unlimited access to campus at all times. And this makes sense: it cannot be the case that University employees who must leave their offices because of an errant fire alarm, for example, have suffered a constitutional deprivation. Moreover, even if Plaintiff did have a right to unlimited access to campus, the law allows for an expedited exclusion in emergency situations like the one here. And here, Plaintiff was back on campus in mere hours, with no consequence to her employment.

*Supra*, § I.A. Consequently, Plaintiff fails to state a due process claim on the basis of her access to campus, and the Court must dismiss it.

## II. Defendant Cook and Klindt are entitled to qualified immunity on Plaintiff's Section 1983 claim because they did not violate Plaintiff's clearly established rights.

Because Plaintiff has failed to state a claim, qualified immunity also shields Defendants from liability.

"In suits brought against officials in their individual capacities, officials may raise the defense of qualified immunity." *Stuart v. Jackson*, 24 F. App'x 943, 955 (10th Cir. 2001). "Qualified immunity shields public officials from undue interference with their duties and from potentially disabling threats of liability." *Wilkins v. DeReyes*, 528 F.3d 790, 796 (10th Cir. 2008). Plaintiff must plead facts that plausibly show (1) the defendant's actions violated a constitutional or statutory right, and (2) that this right was clearly established at the time. *Pierce v. Gilchrist*, 359 F.3d 1279, 1284 (10th Cir. 2004). The plaintiff must satisfy both prongs, and the district court may "decide which of the two prongs of qualified-immunity analysis to tackle first." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Plaintiff's "[f]ailure to satisfy either of these inquiries will result in dismissal in favor of the defendant." *Pierce*, 359 F.3d at 1284.

Plaintiff fails both.

### A. The Defendants' actions did not violate Plaintiff's constitutional rights.

Neither Defendant Cook nor Defendant Klindt violated Plaintiff's constitutional rights. As discussed above, Plaintiff has not been deprived of any constitutionally protected interest based on her public employment or her access to campus. *Supra*, § I.

> **B. Even if the Court were inclined to recognize that Plaintiff had been deprived of some constitutionally protected right in her employment or in her movement about campus, neither right is clearly established.**

Moreover, the alleged constitutional deprivations – based on her employment which she still maintains or in accessing the University's campus – are not clearly established.

"For the law to be 'clearly established,' there ordinarily must be a Supreme Court or Tenth Circuit opinion on point, or the clearly established weight of authority from other circuits must point in one direction." *Pompeo v. Bd. of Regents of the Univ. of New Mexico*, 852 F.3d 973, 981 (10th Cir. 2017). The relevant law cannot be defined "at a high level of generality;" instead, the "particular conduct" in the "specific context of the case, not as a broad general proposition" must clearly violate an established constitutional right. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (internal citations and quotation marks omitted). In short, every "reasonable official would have understood that what he [or she] is doing violates that right" and "existing precedent [has] placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (internal alterations and quotations omitted).

Here, even if the court were inclined to agree that Plaintiff had suffered some sort of constitutional deprivation, none of her alleged injuries are "clearly established." There is no "weight of authority" that Plaintiff has a protected interest in her employment, especially when she has not alleged that her employment status changed. *Supra*, § I.A.i. Nor does she have the right to "fulfill" her job duties – and she has even less of a right to not feel "threatened" about "fulfilling the terms of her employment." ECF $#5, ¶ 27. Indeed, the weight of authority is the opposite: she has no such rights. *See Fattaey*, WL 347500, at *12 ("Plaintiff has supplied no

authority to support a protected property interest in performing job duties."); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (affirming judgment for University against professor, who was stripped of his duties as department chair and brought Sec. 1983 claim alleging a due process violation, in part because "the due process clause does not protect [plaintiff's] specific job duties or responsibilities").

Nor is there any "weight of authority" that she has the right to access campus. *Supra*, § I.B. *See also Profita v. Puckett*, No. 115CV01237DMECBS, 2017 WL 4225451, at *5 (D. Colo. June 6, 2017) (granting qualified immunity in part because the law was not "clearly established" that plaintiff had an unfettered right to campus). Without law suggesting a protected right at all — much less a clearly established one — Plaintiff's due process claim is foreclosed. *See Fattaey*, 2017 WL 347500, at *14 (concluding that plaintiff "failed to allege sufficient facts that he had a clearly established protected property right, as defined by state law" and dismissing plaintiff's due process claim).

To the extent that Plaintiff believes that Defendants Cook and Klindt violated her right to be "innocent until proven guilty," ECF #5, ¶ 32, this right doesn't apply here, and does not defeat qualified immunity. To be sure, "the criminal process presumes that the defendant is innocent until proved guilty." *Deck v. Missouri*, 544 U.S. 622, 630 (2005). But Plaintiff isn't a criminal defendant. And Plaintiff isn't alleging that her right to "presumed innocence" was violated – her section 1983 claim is premised on her belief that she has some right to her employment and to access campus, ECF #5 ¶ 30, neither of which is a clearly established constitutional right.

At bottom, "[q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Yeasin v. Durham*, 719 F. App'x 844, 849 (10th Cir. 2018) (quoting

*Mullenix*, ⸺ U.S. ⸺, 136 S.Ct. at 308). Here, that means that qualified immunity protects Defendants from Plaintiff's due process claim.

## CONCLUSION

Plaintiff alleges that Defendants Cook and Klindt violated her protected interest in either (A) her public employment, by "threaten[ing]" it or her ability to "fulfull[] the terms" of her position, ECF #5, ¶¶ 21, 27; or (B) her right to "move freely throughout campus." *Id*., ¶ 39. Plaintiff has no such rights. Therefore, she has failed to state a claim, and for the same reasons, Defendants are entitled to qualified immunity.

**DATED:** December 14, 2021.

Respectfully submitted:

*s/ Megan Clark*
Megan Clark
Assistant University Counsel
Special Assistant Attorney General
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Megan.Clark@cu.edu

*Attorney for Defendant University of Colorado*

# CERTIFICATE OF SERVICE

  I hereby certify that on December 14, 2021, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

William E. Trachman
Erin Erhardt
Mountain States Legal Foundation
2596 S. Lewis Way
Lakewood, CO 80227
wtrachman@mslegal.org
eerhardt@mslegal.org

*Attorneys for Plaintiff*

                 *s/ Elisha Hernandez*
                 Elisha Hernandez, Legal Assistant