IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02649-RM-NRN

CELESTE T. ARCHER,

    Plaintiff,

v.

KIMBERLYN COOK, in her individual capacity,
LACEY KLINDT, in her individual capacity, and
ELEANORE LEWIS, in her individual capacity,

    Defendants.

---

**DEFENDANT LEWIS' MOTION TO DISMISS SECOND
AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1)**

---

Defendant Eleanore Lewis moves to dismiss Plaintiff's, Celeste Archer's, Second Amended Complaint (ECF #21) under F.R.C.P. 12(b)(1) for failure to provide notice required by the Colorado Governmental Immunity Act ("CGIA"), C.R.S. § 24-10-109(1).

**CONFERRAL STATEMENT:** Counsel for Defendant did not confer with Plaintiff's counsel regarding this motion, because Plaintiff's failure to timely comply with the notice requirement of the CGIA is a defect not correctable by amendment. Moreover, conferral on a Rule 12 motion is generally not required. D.C.Colo.LCivR 7.1(b)(2).

## INTRODUCTION

Plaintiff and Defendant Eleanore Lewis are University of Colorado Denver employees. ECF #21, ¶¶ 13, 15. University policy requires individuals "experiencing coronavirus symptoms

. . . [to] self-report" to the University's contact tracing team. ECF #21-4. The policy also asks individuals to "always self-report if you *think* you are exposed to someone who has tested positive for COVID-19." *Id*., p. 1 (emphasis added). Consistent with this policy, on September 3, 2021, Ms. Lewis reported that she was experiencing symptoms of COVID-19. ECF #21, ¶ 28. Ms. Lewis did not identify Plaintiff in her self-report. ECF #21-5. That same day, the contact tracing team received Ms. Lewis' report via an electronic form and contacted Ms. Lewis to find out who "she believe[d] exposed her." ECF #21, ¶¶ 28-29; ECF #21-6. Ms. Lewis reported her belief that Plaintiff had exposed her. ECF #21-6, p. 4. Plaintiff avers that this was a "false report" that has caused her "severe emotional distress." ECF #21, ¶ 59.

Based on the foregoing, Plaintiff asserts a Colorado state tort claim—outrageous conduct—against Ms. Lewis. ECF #21, ¶¶ 57-61.

On January 26, 2022, Ms. Lewis moved to dismiss the claim under F.R.C.P. 12(b)(6). *See* ECF #24. Briefing on that motion is complete. ECF #27; ECF #28. Now, Ms. Lewis moves to dismiss Plaintiff's state tort claim under F.R.C.P. 12(b)(1) as well: Plaintiff has failed to provide timely CGIA notice, thereby depriving this Court of subject matter jurisdiction over the claim.

## **LEGAL STANDARD**

Whether University employee Ms. Lewis is entitled to immunity under the CGIA involves the Court's subject matter jurisdiction; therefore, the question is reviewed under F.R.C.P. 12(b)(1). *Rooker v. Ouray Cty.*, 841 F. Supp. 2d 1212, 1215 (D. Colo. 2012), *aff'd*, 504 F. App'x 734 (10th Cir. 2012). It is Plaintiff's burden to demonstrate that the Court may properly exercise jurisdiction over the case. *Neiberger v. Hawkins*, 150 F. Supp. 2d 1118, 1120 (D. Colo. 2001). "Where there is no evidentiary dispute, governmental immunity or waiver of immunity is

a matter of law, and the trial court may rule on the jurisdictional issue without a hearing." *Yaklich v. Grand Cty.*, 278 F. App'x 797, 805 (10th Cir. 2008) (quoting *Padilla ex rel. Padilla v. Sch. Dist. No. 1 in City & Cty. of Denver*, 25 P.3d 1176, 1180 (Colo. 2001)).

## ARGUMENT

### I. Plaintiff's state tort claim is barred for failure to give CGIA notice.

Plaintiff alleges that Ms. Lewis engaged in outrageous conduct by naming her as a source of COVID-19 exposure. ECF #21, ¶ 59. This claim is forever barred because Plaintiff was required, but failed, to comply with the notice requirement under the CGIA.

Under the CGIA, before <u>any</u> tort claim may be brought against a public entity or its employees, the person claiming to have suffered the injury "shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury." C.R.S. § 24-10-109(1). To satisfy this notice requirement, a plaintiff must strictly comply with the 182-day requirement under C.R.S. § 24-10-109(1) and substantially comply with the contents of the notice under C.R.S. § 24-10-109(2). *See Finnie v. Jefferson Cnty. Sch. Dist. R-1*, 79 P.3d 1253, 1255-56 (Colo. 2003). Failure to comply with the notice requirement deprives the Court of subject matter jurisdiction over the action, and "shall forever bar any such action." C.R.S. § 24-10-109(1); *see also Cikraji v. Snowberger*, 410 P.3d 573, 577-78 (Colo. App. 2015) ("[F]ailure to comply with the CGIA deprives the court of jurisdiction to hear plaintiff's claims."); *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 839-40 (10th Cir. 2003) (same).

Not only must the plaintiff comply with the CGIA notice requirement; she must plead that she has done so—or face dismissal. "When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of 'fact' that the plaintiff failed to comply with the notice provisions. This lack of compliance, then, is a jurisdictional issue." *Aspen Orthopaedics*, 353 F.3d at 840.

### A. The CGIA notice of claim requirement unquestionably applies here.

First, the University is a "public entity" within the meaning of CGIA, C.R.S. § 24-10-103(5). *Univ. of Colo. v. Booth*, 78 P.3d 1098, 1101-02 (Colo. 2003); *Fine v. Tumpkin*, 330 F. Supp. 3d 1246, 1252 (D. Colo. 2018).

Second, Ms. Lewis, an employee of the University of Colorado, ECF # 21, ¶ 15, is a public employee. C.R.S. § 24-10-103(4)(a) ("public employees" are employees of a public entity); *Fine*, 330 F. Supp. 3d at 1252 (holding that University of Colorado coach, athletic director, chancellor, and president were "public employees").

When Ms. Lewis named Plaintiff in her COVID-19 self-report, she was acting within the "scope of . . . her employment." C.R.S. § 24-10-105(1). In evaluating whether an act was within the scope of employment for purposes of the CGIA, the court considers "the totality of the circumstances;" whether the act was "at the express or implied request of the employer;" and whether the act "confers a benefit on the employer" in some way. *Capra v. Tucker*, 857 P.2d 1346, 1348 (Colo. App. 1993). Here, Ms. Lewis' self-report of COVID-19 symptoms and her identification of Plaintiff as a potential source of infection, when asked, were clearly within the scope of her employment. Ms. Lewis reported her COVID-19 symptoms via a University form, per University policy, to a University contact tracing team. *See* ECF # 21, ¶¶ 28-29; ECF #21-4,

4

ECF #21-5; ECF #21-6. She identified Plaintiff at the request of the University's contact tracing team. ECF #21, ¶ 29. And her report conferred a benefit to the University by aiding its ability to track and prevent the spread of COVID-19. ECF #21-4. This puts it within the scope of her employment. *See, e.g.*, *King v. McKillop*, 112 F. Supp. 2d 1214, 1221 (D. Colo. 2000) (concluding that public high school teacher whose alleged negligent supervision of students resulted in a forest fire, was entitled to protections of the CGIA because the allegations "relate directly to [his] position as a public school teacher, thereby bringing him within the course and scope of his employment"); *Kliewer By & Through Kliewer v. Sopata*, 797 F. Supp. 1569, 1570 (D. Colo. 1992) (concluding that claims against officer, whose K-9 dog broke out of his yard and attacked plaintiff while officer was off-duty, were subject to the CGIA because the officer was "required by departmental policy to keep [the dog] at his house"). That Plaintiff believes Ms. Lewis' report was "false" (ECF #21, ¶ 59) does not remove it from the scope of her employment. *See, e.g.*, *L.J. v. Carricato*, 413 P.3d 1280, 1284, 1289 (Colo. App. 2018) (recognizing that the CGIA applied to an officer's failure to report suspected child abuse, even though required by statute, as an act "within the scope of his employment"); *Arabalo v. City of Denver*, No. 11-CV-02343-MSK-MEH, 2013 WL 10871817, at *2, 5-6 (D. Colo. Aug. 26, 2013), *aff'd*, 625 F. App'x 851 (10th Cir. 2015) (concluding defendant's allegedly false allegation that plaintiff was embezzling funds was within the scope of his employment – and subject to the CGIA – because they were made in an interview conducted by the employer and the employer expected such allegations to be brought to its attention).

Thus, all actions which lie in tort or could lie in tort against Eleanore Lewis as a University employee are subject to the provisions of the CGIA. *See* C.R.S. § 24-10-105(1).

### B. Plaintiff did not comply with the CGIA's notice of claim requirement.

Plaintiff not only failed to plead that she provided the requisite CGIA notice, but she also never provided any such notice.

Plaintiff's Second Amended Complaint contains no attestation that she complied with the notice requirement of the CGIA at all. *See generally* ECF #21. The Court must dismiss on this basis alone. *See Weise v. Colorado Springs, Colorado*, 421 F. Supp. 3d 1019, 1050 (D. Colo. 2019) ("In this case, plaintiff's complaint does not include any allegations that she complied with the notice provisions of the CGIA. She has therefore failed to demonstrate that the Court has jurisdiction over her state-law claims.").

But even more, Plaintiff never actually provided CGIA notice. Plaintiff's outrageous conduct claim against Defendant Lewis arises out of a COVID-19 report made on September 3, 2021, which Plaintiff discovered that same day. *See, e.g.*, ECF #21, ¶¶ 6, 28, 31, 56, 59. Thus, the jurisdictional 182-day notice deadline expired before or no later than March 4, 2022. During that time, Plaintiff submitted no notice at all, much less any notice complying with the requirements of C.R.S. § 24-10-109. *See* Declaration of Linda Ruth Carter, attached as Exhibit A.

Plaintiff's filing of her complaint is not sufficient to meet the requirements of a notice under C.R.S. § 24-10-109. *Kratzer v. Colorado Intergovernmental Risk Share Agency*, 18 P.3d 766, 769 (Colo. App. 2000) ("We disagree with the trial court that the filing and service of the complaint itself provided sufficient notice under the GIA. The plain language of § 24–10–109(6) requires that a claimant must timely file a notice of claim and properly serve such notice before filing a complaint."); *Johnson v. W. State Colorado Univ.*, 71 F. Supp. 3d 1217, 1232 (D. Colo.

6

2014) (holding that student's filing of complaint against defendant university was insufficient, by itself, to satisfy CGIA notice of claim provisions).

Nor does Plaintiff's uncertainty about Ms. Lewis' identity save her from this failure to comply. "[U]nder Colorado law, knowledge of a tortfeasor's identity is not required before the GIA's 180–day notice provision begins to run." *Zerr v. Johnson*, 894 F. Supp. 372, 377 (D. Colo. 1995), *aff'd*, 85 F.3d 641 (10th Cir. 1996) (construing prior version of the CGIA requiring notice within 180, not 182, days). Indeed, the plain language of the statute requires that Plaintiff have complied with the notice requirement within 182 days of discovering her injury, "regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury." C.R.S. § 24-10-109(1). On September 3, 2021, Plaintiff knew she had been reported as a source of COVID-19 exposure, knew she had been asked to stay off campus as of that date, and believed the report was "invented" because she knew she had not been in the state on the date of the alleged exposure. *See* ECF #21, ¶¶ 6, 28-36, 47; ECF #21-2. Therefore, the notice requirement began running on September 3, 2021.

Because Plaintiff failed to give timely notice as required under the CGIA, her outrageous conduct claim is barred as a matter of law.

### II. If the Court grants this motion, Defendant Lewis is entitled to her attorneys' fees under C.R.S. § 13-17-201.

Under C.R.S. § 13-17-201, "[i]n all actions brought as a result of . . . an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." An award of attorneys' fees is mandatory under the statute. *Barnett v. Denver Pub. Co.*, 36 P.3d 145,

148–49 (Colo. App. 2001). This mandatory fee statute also applies to a dismissal under F.R.C.P. 12(b) of a tort claim brought under Colorado law. *Shrader v. Beann*, 503 F. App'x 650, 654–55 (10th Cir. 2012) ("Under Colorado law, a Colorado court must award a defendant in a tort action who prevails on a Rule 12(b) motion reasonable attorney fees in defending that action.").

As set forth in Ms. Lewis' motion to dismiss under F.R.C.P. 12(b)(6), Plaintiff's outrageous conduct claim must be dismissed for failure to state a claim. ECF #24, pp 14-20. Additionally, as set forth above, the claim must be dismissed under F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction due to Plaintiff's failure to provide CGIA notice. If the Court grants either motion and dismisses Ms. Lewis from this lawsuit, she is entitled, and will file a motion, to recover her reasonable attorneys' fees pursuant to C.R.S. § 13-17-201.

## CONCLUSION

WHEREFORE, Defendant Eleanore Lewis respectfully requests that the Court grant this motion and dismiss Plaintiff's claims with prejudice for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1) and grant such further relief as the Court deems just.

**DATED:** March 8, 2022.

Respectfully submitted:

*s/ Megan Clark*
Megan Clark
Assistant University Counsel
Special Assistant Attorney General
University of Colorado
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Megan.Clark@cu.edu
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 8, 2022, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

William E. Trachman
Erin Erhardt
David McDonald
Mountain States Legal Foundation
2596 S. Lewis Way
Lakewood, CO 80227
wtrachman@mslegal.org
eerhardt@mslegal.org
dmcdonald@mslegal.org

*Attorneys for Plaintiff*

                                                     *s/ Elisha Hernandez*
                                                   Elisha Hernandez, Legal Assistant