IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02649-RM-NRN

CELESTE T. ARCHER,

    Plaintiff,

v.

KIMBERLYN COOK, in her individual capacity,
LACEY KLINDT, in her individual capacity, and
ELEANORE LEWIS, in her individual capacity,

    Defendants.

## PLAINTIFF'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO CERTAIN EXHIBITS

On March 17, 2022, Plaintiff filed her Response to Defendants' Motion to Stay Discovery (the "Response"), which included nine exhibits. Plaintiff filed two of the exhibits – Exhibit 1 and Exhibit 6 – under restriction. Pursuant to D.COLO.LCivR 7.2(e), Plaintiff is filing this Motion to Restrict within fourteen (14) days of filing the restricted documents.

Plaintiff respectfully requests that this Court restrict access to two of the exhibits to her Response, Exhibits 1 and 6, at a Level 1, restricting access to the parties and the court.

### CONFERRAL

Counsel for Plaintiff has conferred with counsel for Defendants, who do not oppose the relief requested herein.

### STANDARD

The public generally enjoys a presumption of access to judicial records. *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, No. 10-CV-02868-MSK-KMT, 2013 WL 12246942, at *2 (D. Colo.

Apr. 15, 2013). However, such access may be restricted "where the public's right of access is outweighed by interests which favor nondisclosure." *Id.* "The court has substantial discretion in determining whether public access to a particular court record should be restricted." *Id.*

In the District of Colorado, Motions to Restrict are governed by Local Rule 7.2, Public Access to Documents and Proceedings. Rule 7.2 provides that a motion to restrict public access shall:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).

## ARGUMENT

Plaintiff has identified two documents to be restricted, both of which are exhibits to Plaintiff's Response to Defendants' Motion to Stay, ECF 33:

(1) **Exhibit 1:** Exhibit 1 to Plaintiff's Response is an email chain between Defendants Cook and Klindt and another University of Colorado employee. The email chain discusses the health status and private health information of an individual who is not a party to this lawsuit. ECF 35.

2

  (2) **Exhibit 6:** Exhibit 6 to Plaintiff's Response is an email chain between Defendant Lewis and two of her colleagues which discusses personal information about Defendant Lewis and her family. ECF 35-1.

Both documents contain private and personal information regarding non-parties. "[A] party may overcome the presumption of public access where the records contain . . . private or personally identifiable information or information that otherwise invades privacy interests, such as personal medical information." *Tracy v. Suncor Energy (U.S.A.) Inc.*, No. 20-CV-01597-WJM-NYW, 2021 WL 5140300, at *1 (D. Colo. Nov. 4, 2021) (internal citations omitted). The records here contain such information.

Plaintiff's request for restriction is limited specifically to those individual exhibits that contain personal and private information of non-parties. Plaintiff seeks a Level 1 restriction, limiting access to the parties and the Court.

## CONCLUSION

Plaintiff respectfully requests that this Court grant this Unopposed Motion to Restrict Public Access to Certain Exhibits.

DATED this 31st day of March 2022.

                 Respectfully submitted,

                 */s/ David C. McDonald*
                 David McDonald, CO Bar #57309
                 William E. Trachman, CO Bar #45684
                 Erin Erhardt, CO Bar #49360
                 Mountain States Legal Foundation
                 2596 S. Lewis Way
                 Lakewood, Colorado 80227
                 Telephone: (303) 292-2021
                 Facsimile: (303) 292-1980
                 dmcdonald@mslegal.org

                 *Attorneys for Plaintiff Celeste T. Archer*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2022, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause a notification to be sent to the following counsel of record:

Megan Clark
Assistant University Counsel
Special Assistant Attorney General
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO  80203
303-860-5691
Megan.clark@cu.edu

*/s/ David C. McDonald*
David C. McDonald

4