IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02649-RM-NRN

CELESTE T. ARCHER,

    Plaintiff,

v.

KIMBERLYN COOK, in her individual capacity,
LACEY KLINDT, in her individual capacity, and
ELEANORE LEWIS, in her individual capacity,

    Defendants.

---

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

    The Defendants, Kimberlyn Cook, Lacey Klindt, and Eleanore Lewis, submit the following Motion for Protective Order along with a proposed Protective Order:

    1.    **Conferral:** Per D.C.COLO.LCivR 7.1(a) and this Court's practice standards, counsel for Defendants has conferred with Plaintiff's counsel regarding a protective order. Plaintiff opposes. Plaintiff's counsel has indicated that Plaintiff is not generally opposed to seeking a protective order, but objected to the concurrently-filed proposed protective order on the basis that it has an "excessively broad definition of what counts as confidential, including information that is false and provided in bad faith," "there is no mention of redaction," he needs documents for Plaintiff's "campus complaint," and he anticipates using information "later in this case at a public trial … [or] in a separate state court action." Undersigned counsel has explained that the proposed protective order provides a process by which Plaintiff's counsel may object to any information he believes is improperly designated as confidential and has explained that the protective order does not preclude using documents at a later public trial.

2. The parties jointly anticipated seeking a protective order in the Scheduling Order. ECF #17. Given the lack of progress since December 2021 (when undersigned counsel first provided the proposed protective order to Plaintiff's counsel) and the need to have a protective order prior to Defendant Lewis' deposition, currently scheduled for April 7, 2022, Defendants submit this motion.

3. Fed. R. Civ. P. 26(c) provides that the Court may enter a Protective Order upon a showing of good cause to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case. "[D]iscovery also may seriously implicate privacy interests of litigants[.]" *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984). Thus, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Wiese v. Centex Homes*, No. CIVA 08CV00377ZLWMEH, 2008 WL 5428001, at *1 (D. Colo. Dec. 31, 2008).

4. The blanket protective order sought here places the burden on the parties to determine what information is entitled to protection "and designate the information it believes, in good faith, is confidential or otherwise entitled to protection." *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). Thus, not all documents are automatically designated confidential, nor is there a burden on the court to review or identify documents for which protection is sought. *Id*.

5. "The agreement of all parties is not required for the entry of a blanket protective order … so long as certain conditions are met." *Id*. "First, a party must make some threshold showing of good cause to believe that discovery will involve confidential or protected information. This may be done on a generalized as opposed to a document-by-document basis."

*Id*. (citing *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 121 F.R.D. 264, 268 (M.D.N.C. 1988). Second, "a party must agree to only invoke the designation in good faith." *Id*. Third, "the opposing party has the right to contest those documents which it believes not to be confidential … [and] the party seeking the protection shoulders the burden of proof in justifying retaining the confidentiality designation." *Id*.

6. Here, good cause exists to believe that discovery includes confidential or protected information: it has already produced such information. Included in the already-produced documents are those that implicate privacy interests involving personnel, medical, business, financial or proprietary information of the parties. For example, "Formstack Submission For: COVID Form – Denver" is Defendant Lewis' COVID-19 self-report, which includes medical information about her COVID-19 vaccine and COVID-19 symptoms, as well as other private information that is not generally known to the public such as her date of birth, personal cell phone number, and employee identification number, among other details. Defendants produced this document and Plaintiff has filed it with the Court as ECF #18-4 and ECF #21-5.

7. Further discovery has been stayed except for Defendant Lewis' upcoming deposition. ECF #38. Plaintiff seeks to depose Defendant Lewis on April 7, 2022. Plaintiff has questioned the veracity of Defendant Lewis' COVID-19 symptoms and self-report. *See, e.g.*, ECF #33. Defendants have good cause to believe that Plaintiff will seek to explore Defendant Lewis' health and other medical information, and it may be necessary to designate portions of the deposition as confidential.

8. Defendants agree to invoke the designation in good faith. Indeed, of the information produced so far in this litigation, Defendants have judiciously marked only some

3

documents as confidential in anticipation of a protective order. Defendants understand Plaintiff's primary objection to be that Defendant Lewis' COVID-19 report was made "in bad faith." Defendants disagree, *see, e.g.*, ECF #24, ECF #28, ECF #29, and the proposed protective order is not the avenue in which to litigate the genuineness of Defendant Lewis' actions. Plaintiff seeks to depose Defendant Lewis, and may later challenge the confidential designation.

9.  Defendants understand that they, or Plaintiff, would have the opportunity to challenge the confidential designation of any document. *See* Proposed Protective Order, ¶ 12.

10. As such, good cause exists for the entry of a protective order to protect the parties from the disclosure of information, which will improperly annoy, embarrass, or oppress any party, witness or person providing discovery in this case.

WHEREFORE, Defendants respectfully request this Court enter the proposed Protective Order submitted herewith.

**DATED:** April 4, 2022.

                                            Respectfully submitted:

                                            *s/ Megan Clark*
                                            Megan Clark
                                            Assistant University Counsel
                                            Special Assistant Attorney General
                                            University of Colorado
                                            1800 Grant Street, Suite 700
                                            Denver, CO 80203
                                            303-860-5691
                                            Megan.Clark@cu.edu
                                            *Attorney for Defendants*

5

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 4, 2022, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

William E. Trachman
Erin Erhardt
David McDonald
Mountain States Legal Foundation
2596 S. Lewis Way
Lakewood, CO 80227
wtrachman@mslegal.org
eerhardt@mslegal.org
dmcdonald@mslegal.org

*Attorney for Plaintiff*

                   *s/ Elisha Hernandez*
                   Elisha Hernandez, Legal Assistant